## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## DOCKET NO. 3:13-CV-00184-GCM

| | | |
|---|---|---|
| REGINA BOSTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| CLIENT SERVICES OF MISSOURI, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

     **THIS MATTER** is before the Court upon Plaintiff Regina Boston's "Declaration in the Nature of a Motion to Recuse Judge" seeking to recuse the Honorable Graham C. Mullen, Senior District Judge ("Motion"), (Doc. No. 16) and Plaintiff's "Affidavit of Recusal Judge Graham C. Mullen" ("Affidavit"). (Doc. No. 16-1). Judge Mullen directed that this Motion be transferred to the Chief District Judge of the District for disposition. Defendant Client Services of Missouri, Inc. filed a Response to Plaintiff's Motion for Recusal, opposing Judge Mullen's recusal. (Doc. No. 20). Upon review by the Court, Plaintiff's Motion is DENIED. This case is hereby returned to Judge Mullen for continued proceedings in this case.

     Judge Mullen issued an Order in a different case filed by Plaintiff that Plaintiff could not file any more lawsuits against debt collection agencies under the Fair Credit Reporting Act ("FCRA") for obtaining her credit report without first paying the requisite filing fee. (Case No. 3:12-cv-00681-GCM, Doc. No. 20). Plaintiff seeks to recuse Judge Mullen on the basis of bias or "prejudicial posture to Plaintiff." (Doc. No. 16). In her Motion, Plaintiff makes a number of statements of law regarding the recusal of judges and then states that:

     Alternatively, if the Court's conclusory determination is that by requiring

Petitioner to pay a filing fee in order to file lawsuits against debt collectors who pull her credit report without her permission as 'vexatious and harassing', what would make Petitioner's claims any less vexatious and harassing' by paying the filing fee?[1]

Plaintiff next claims that:

Judge Mullen also states in the . . . order that Plaintiff is 'harassing collection agencies'. That is the Judge's opinion and he has proven no set of facts to prove his opinion. Further the Court's ruling asserts that Petitioner's claims are 'baseless' under the FCRA. However, the Court does not instruct the unrepresented Petitioner in the way that she should go when the Court allows for the dismissal of her case.

Plaintiff then argues as follows:

Should another judge not accept the disqualification of the judge, then the second judge has evidenced an 'appearance of partiality' and has possibility disqualified himself/herself. None of the orders issued by any judge who has been disqualified by law would appear to be valid. It would appear that they are void as a matter of law, and are of no legal force or effect.

Plaintiff additionally states that she "filed the objection to Judge Mullen's order in a prior case because she questions the integrity of Judge Mullen as not be able to proceed in Plaintiff's pleadings without interjecting bias or prejudiced towards her." Plaintiff's Affidavit generally repeats these points.

This Court finds none of Plaintiff's arguments have any merit. The Court notes that all bias that Plaintiff alleges on the part of Judge Mullen stems directly from Plaintiff's legal filings. This is insufficient grounds for recusal, as "alleged bias must derive from an extra-judicial source. It must result in an opinion on the merits on a basis other than that learned by the judge in his participation in the matter." In re Beard, 811 F.2d 818, 827 (4th Cir. 1987) (citing United States v. Grinnell Corp., 384 U.S. 563, 583 (1966)). "The nature of the judge's bias must be personal and not judicial." Id. (citing Shaw v. Martin, 733 F.2d 304, 308 (4th Cir. 1984)). Plaintiff has

---

[1] It is unclear to the Court exactly what this question is an alternative to.

completely failed to show how any alleged bias on Judge Mullen's part stems from any source other than Plaintiff's cases. Furthermore, this appears to be Plaintiff's twelfth case in this Court suing a credit reporting agency under the FCRA. While a number of these cases have settled, a number have also been dismissed for failure to state a claim. As such, this Court does not believe that Judge Mullen's conclusion that her behavior is vexatious and harassing shows unfair bias. Furthermore, Judge Mullen elected not to issue a pre-filing injunction against Plaintiff, but instead imposed a requirement that Plaintiff pay the requisite filing fee for future lawsuits, which only applies in the very limited circumstances of suits against credit reporting companies under the FCRA for obtaining her credit report. Also, while Plaintiff is correct that requiring a filing fee would not make a vexatious and harassing lawsuit any less vexatious and harassing, the clear point of requiring Plaintiff to pay the filing fee is to discourage her from filing any further vexatious and harassing suits against creditors under the FCRA. Such a requirement is not unreasonable given Plaintiff's track record. In addition, Judge Mullen is not obligated to "instruct the unrepresented Petitioner in the way that she should go when the Court allows for the dismissal of her case." As such, there are no grounds for recusing Judge Mullen for bias in this case, and Plaintiff's Motion is DENIED.

Finally, the Court also addresses Plaintiff's argument that any judge who does not rule in favor of her Motion to recuse "may" be showing bias and that such a decision would be fundamentally null and void. This statement could not be more incorrect. An unfavorable ruling does not in itself show bias, no matter how strongly a party believes that the ruling should have gone his or her way. In the event that Plaintiff seeks to have the Court treat this portion of her Motion as an attempt at prospectively vacating an unfavorable ruling of this Court on her Motion, or as an attempt to prospectively recuse Chief Judge Frank Whitney if he rules against

her on this Motion, the Motion is also DENIED in that respect.

For the above reasons, Plaintiff's Motion is DENIED. This case remains assigned to Judge Mullen and is hereby returned to Judge Mullen for further proceedings.

IT IS SO ORDERED.

Signed: August 12, 2013

Frank D. Whitney
Chief United States District Judge